MINUTE ENTRY
KNOWLES, M.J.
DECEMBER 16, 2015

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CHERYL MCANESPY-SMITH**                              **CIVIL ACTION**

**VERSUS**                                             **NO. 14-2569**

**HARTFORD INSURANCE COMPANY OF THE MIDWEST**          **SECTION "S" (3)**

### REPORT AND RECOMMENDATION

On this date, the Ex Parte Motion to Force Placement of Disputed Funds Into Court's Registry [Doc. #17] came on for oral hearing before the undersigned.[1]  Present were Cheryl McAnespy-Smith on behalf of herself and Laurie Maschek on behalf of herself.  For the reasons stated on the record,

**IT IS RECOMMENDED** that the Ex Parte Motion to Force Placement of Disputed Funds Into Court's Registry [Doc. #17] be GRANTED.  Rule 67 provides:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party – on notice to every other party and by leave of court – may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

---

[1]   The District Court referred this motion to the undersigned on December 1, 2015. [Doc. #18].

MJSTAR(00:06)

Fed. R. Civ. P. 67(a). The purpose of Rule 67 is "to relieve the depositor of responsibility for a fund in dispute," such as in an interpleader action. *See* 12 C. Wright & A. Miller, Federal Practice & Procedure § 2991 (West 1973) (footnotes omitted). The 1983 amendment to Rule 67 makes clear that the depositor may have an interest in the deposited funds. Once funds are deposited, the court should determine ownership and make disbursements. *See Baxter v. United Forest Products Co.*, 406 F.2d 1120 (8th Cir. 1969); *Manufacturers' Hanover Overseas Corp. v. Southwire Co.*, 589 F. Supp. 214, 221 (S.D.N.Y.1984); *see also Gulf States Utilities Co. v. Alabama Power Co.*, 824 F.2d 1465, 1474-75 (5th Cir. 1987).

Here, and under this case law, there is no reason not to grant the motion, and the Court orders Maschek to deposit the $30,000.00 into the registry of the Court – **no later than five (5) days from the date of this Minute Entry** – pending the determination of the apportionment of fees. Indeed, the parties essentially agreed at the oral hearing that should the Court order the deposit, there would be no issue with placing the funds in the registry of the Court.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**