UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHERYL MCANESPY-SMITH                                CIVIL ACTION

VERSUS                                                NO. 14-2569

HARTFORD INSURANCE COMPANY                           SECTION "S" (3)
OF THE MIDWEST

REPORT AND RECOMMENDATION

Before the Court is the Motion to Apportion Attorney Fees and Request for Expedited

Hearing.  [Doc. #26].  Having reviewed the parties' cross-motion and the case law, the Court

recommends as follows.

I.      Background

This lawsuit concerns a car accident on September 24, 2012 in which plaintiff was injured,

but the underlying facts are irrelevant to the dispute before the Court.  The dispute now concerns

the apportionment of attorneys' fees between plaintiff, Cheryl McAnespy-Smith, an attorney

herself, and Laurie Maschek, an attorney retained by plaintiff to help her prosecute this case in

federal court.

II.     The Parties' Contentions

A.      Maschek's Motions

Maschek notes that she attended the depositions of McAnespy-Smith, of the at-fault driver,

and of Drs. Tender and Shanebleh, all of which required travel and preparation time.  She prepared

McAnespy-Smith for her deposition and discussed her medical records with her. She also attended

the deposition of Dr. Shamsnia in Metairie (even though it was ultimately cancelled).  She also

participated in the mediation that resulted in the $150,000.00 settlement.  Maschek notes that

1

McAnespy-Smith also received an extra $50,000.00 from defendant.   She notes that McAnespy-Smith has never complained about her work, nor fired her as her attorney.

After settlement, Maschek informed McAnespy-Smith that she thought she was entitled to a 20 per cent fee.  After taking the $7,500.00 promised her, the other $22,500.00 remained in her IOLTA account pending resolution of an earlier motion.  The entire $30,000.00 in dispute has since been deposited in the registry of the Court.

Maschek contends that *Saucier* is not on point given that she is McAnespy-Smith's only attorney, and she is not fighting another later-hired attorney for fees.

Citing case law, Maschek contends that Louisiana courts often split the fees in half when there is no contract between two attorneys on a case as they consider the two attorneys as a joint venture for the client's representation  She also maintains that Louisiana courts often look to the factors outlined in Rule 1.5 of the Professional Rules of Conduct.  She asks the Court to award her $30,000.00, which is a 16.25 per cent fee, half of what is customary.

### B.    McAnespy-Smith's Cross-Motion

McAnespy-Smith, a personal-injury attorney, is lead counsel in this lawsuit.  Maschek, a friend of McAnespy-Smith, enrolled on February 21, 2015.  McAnespy-Smith  notes that this Court did not swear in Maschek until February 4, 2015, and she did not enroll in this lawsuit until February 11, 2015.  Maschek thus only appeared as counsel for less than nine months in a case that lasted three years. McAnespy-Smith continued to act as lead counsel even after Maschek enrolled.  McAnespy-Smith and Maschek had a business arrangement by which McAnespy-Smith referred cases to Maschek, and Maschek paid her 20 per cent of the 25 per cent that she collected as fees.

Although she contends that Maschek provided minimal work in this lawsuit, McAnespy-Smith found it ethical to pay her according to their business arrangement.  McAnespy-Smith thus offered her 20 per cent of the fee, or $7,500.00.  Maschek, however, contends that she is entitled to 50 per cent of a 40 per cent fee, or $30,000.00.  There is no contract or agreement for this amount.

Defendant paid $50,438.69 to McAnespy-Smith as a tender payment.  McAnespy-Smith wrote a check to Maschek in the amount of $2,521.93, which Maschek cashed.  McAnespy-Smith argues that this indicates tacit acknowledgment on Maschek's part that the fee was adequate.

Defendant has now issued a check for $150,000.00 to both McAnespy-Smith and Maschek. Maschek cashed the check and was withholding $30,000.00 as payment.  McAnespy-Smith asks the Court to determine legal fees by quantum meruit under the provisions of *Saucier v. Hayes Dairy Products*, 373 So. 2d 102 (La. 1979).  The Court, as noted, has since ordered that the $30,000.00 be placed in the registry of the Court.

McAnespy-Smith cites to en e-mail in which she asked to enroll Maschek ("This is just for a name thing.") in case the lawsuit went to trial.  She also informed Maschek that she was doing all of the work for herself.   McAnespy-Smith notes that she also attended all of the depositions and acted as her own counsel.  She argues that all four of the depositions lasted no more than two hours and 20 minutes.  She finds it laughable that Maschek contends that she prepared McAnespy-Smith – a personal-injury lawyer – for her own deposition.

McAnespy-Smith notes that Maschek wanted to settle the lawsuit for $45,000.00 at the mediation.  It was not until she threatened to leave that the defendant agreed to the amount of $150,000.00.  Her husband submits an affidavit to the Court to attest to said exchange.  McAnespy-

Smith also argues that Maschek did nothing to obtain the original $50,000.00 payment even though she paid Maschek $2,521.93, which Maschek accepted without dispute.

McAnespy-Smith notes that she has not been reimbursed any litigation costs, which she alone expended in this lawsuit. She notes that she never complained of Maschek's work because there was little to no work about which to complain.

McAnespy-Smith addresses the *Saucier* factors. She maintains that *Saucier* is relevant because two attorneys represented her – herself and Maschek. She notes that Maschek provided the Court with no evidence of the time and labor that she expended on the lawsuit and that she does not argue that the lawsuit precluded her from accepting other employment. McAnespy-Smith notes that Maschek is a worker's-compensation attorney and not a personal-injury attorney. She argues that the fee was not contingent as the parties never discussed it. She contends that all of the factors under Rule 1.5 weigh in her favor.

McAnespy-Smith maintains that there was a historical agreement between the parties as to how to split the fees and that there was no joint venture here.

## III.   Law and Analysis

After the oral hearing, the Court ordered the parties to file supplemental briefs no later than ten (10) days from the date of the hearing. The Court also converted McAnespy-Smith's opposition into a cross-motion for summary judgment on motion.

As this Court stated succinctly in *Langley v. Norton*, No. Civ. A. 99-2653, 2003 WL 21991643, *2 (E.D. La. Aug. 19, 2003):

> Under its inherent judicial power and its original jurisdiction, the Supreme Court of Louisiana has exclusive authority to regulate the practice of law in this state. La. Const. art. V, § 5(B); *Mire v. City of Lake Charles*, 540 So.2d 950 (La. 1989). This broad grant of regulatory power includes the responsibility to exert control by

4

adjudicatory means of individual cases as they arise, including those relative to discharge of counsel and regulation of fees, whether by contingency contract or otherwise. *Saucier v. Hayes Dairy Products, Inc.*, 373 So.2d 102, 118 (La. 1979).

The seminal decision of *Saucier* discussed the awarding of attorney's fees to a discharged attorney who had been retained pursuant to a contingency contract. *Id.* at 118.   In *Saucier*, the Louisiana Supreme Court held that in a case involving two attorneys with separate contingency fee contracts with the client, one attorney having been discharged without cause and the subsequent attorney having brought the case to judgment or settlement, the contingency fee is to be apportioned according to the services performed by each attorney. *Id.* The proportionate services are to be determined according to the factors contained in Rule 1.5(a) of the Rules of Professional Conduct. Rule 1.5(a) provides:

> (a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) The fee customarily charged in the locality for similar legal services;
> (4) The amount involved and the results obtained;
> (5) The time limitations imposed by the client or by the circumstances;
> (6) The nature and length of the professional relationship with the client;
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) Whether the fee is fixed or contingent.

A trial court's apportionment of a contingency fee according to these "*Saucier* factors" is a factual determination and as such may not be disturbed absent manifest error. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La. 1993); *Osborne v. Vulcan Foundry, Inc.*, 699 So.2d 492, 494 (La. Ct.

App. 1997).[1]  While the factual underpinnings of *Saucier* are different than those here, the Court finds that *Saucier* still applies as two attorneys dispute the apportionment of a few award.

Maschek contends that she expended 59.3 hours in this lawsuit, including 5.1 hours on this attorneys'-fee dispute.  She alleges that she began work on the case on January 9, 2015 and continued to work on it until January 27, 2016.  This includes the time involved in this fee dispute. McAnespy-Smith maintains that she expended 292.25 hours on this lawsuit.  She also incurred $1,671.27 in costs and $18,617.84 in out-of-pocket medical expenses.  McAnespy-Smith's hours span from September 25, 2012 through December 15, 2015.

The time and labor involved thus reveals that Maschek worked 59.3 hours during a one-year period, and McAnespy-Smith expended 292.25 hours over a three-year (and then some) period.  That is a total of 351.55 hours expended in this lawsuit.   Maschek thus performed approximately 17 per cent of the work, which McAnespy-Smith performed the other 83 per cent. The difficulty of the questions involved and the skill requisite to perform the legal services properly is minimal; this is a run-of-the-mill personal-injury lawsuit that involved an automobile accident.  There is no argument by either attorney that the acceptance of this lawsuit precluded other work, nor is there any indication that McAnespy-Smith imposed time limitations on either herself or Maschek.

The fee in this case was to be contingent, and the customary fee for a lawsuit such as the underlying one hovers in this district around the 30 per cent mark, a fee that would normally be split amongst the attorneys who worked on the lawsuit.  The amount involved and the results

---

[1] In *O'Rourke v. Cairns*, 683 So.2d 697, 704 (La. 1996), the Louisiana Supreme Court reaffirmed the factors and policies articulated in *Saucier*; however, the court modified the analysis for cases involving attorneys who have been discharged for cause.  There is no allegation of discharge for cause, here, and the Court thus does not address the modification of the *Saucier* factors in such a circumstance.

obtained is of no moment, as the parties have already determined that the total fee award here is $30,000.00 (which, as noted, is in the registry of the Court).  And while the Court is aware that McAnespy-Smith and Maschek have known each other for some time (McAnespy-Smith often referred case to Maschek), this type of collaborative relationship had never occurred before and appears to have commenced with Maschek's enrollment in this lawsuit to aid in McAnespy-Smith's own representation.   And lastly, the Court has no doubt that both attorneys are competent and able when performing their services, although the parties do not argue this point one way or the other in their pleadings.

Given that the majority of the *Saucier* factors are neutral or do not apply, this Court sees no reason why the fees of these two attorney can not simply be determined by looking at their respective contributions to this lawsuit. This Court has carefully reviewed the time sheets submitted by each party in support of their claim, and said time sheets support this conclusion. McAnespy-Smith performed 83 per cent of the work on the lawsuit and contributed to its progression for far longer than Maschek, who, for her part, contributed 17 per cent of the work. Accordingly, the Court finds that of the $30,000.00 in the registry of the Court, McAnespy-Smith is entitled to 83 per cent of that sum, and Maschek is entitled to 17 per cent of it.

### IV.   Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion to Apportion Attorney Fees and Request for Expedited Hearing [Doc. #26] is GRANTED IN PART as outlined above.  Each party shall file the appropriate motion to withdraw her entitled portion of the fees from the Court: McAnespy-Smith, in the amount of $24,900.00 and Maschek in the amount of $5,100.00.  These amounts

reflect the principal in the registry of the Court; the Clerk of Court shall determine the proper allocation of any accrued interest and the assessment of fees, which shall be borne by each party in proportion to the percentage allocation noted above.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 2nd day of September, 2016.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**